UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. MCCARTHY, | : | **CIVIL NO. 1:10-CV-01609** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Smyser) |
| WARDEN, USP LEWISBURG, | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

On August 3, 2010, the petitioner, a federal prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The petitioner is challenging his transfer to the Special Management Unit (SMU) at the United States Penitentiary at Lewisburg. He contends that he was not given notice that his conduct could be used to place him in the SMU and that he was not provided due process in connection with his placement in the SMU. He also contends that the SMU was arbitrarily created and that the SMU policy statement was not properly promulgated. The petitioner is also challenging the conditions

in the SMU. He contends that he was confined in a sweltering hot strip cell, that he was denied meaningful medical care and that outdoor recreation is in an overcrowded and dangerous strip cage. He further contends that his cellmate is abusive and beats him, extorts him and steals his food. He contends that staff have refused his requests to change cells saying that they "haven't seen enough blood yet."

On September 8, 2010, the respondent filed a response to the petition. On October 7, 2010, the petitioner filed a reply.

The respondent contends that the petitioner's claims are not cognizable in a habeas corpus case. We agree.

In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), state prisoners who were deprived of good-conduct-time credits as a result of disciplinary proceedings brought suit under 42 U.S.C. § 1983 seeking injunctive relief to compel the restoration of their good-conduct-time credits. The question before the Supreme Court was whether a state prisoner may seek such relief

2

through a § 1983 action even though the federal habeas corpus statute provides a specific federal remedy. *Id*. at 477. The Court stated that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Id.* at 484. The prisoners' claims fell squarely within this traditional scope of habeas corpus: "They alleged that the deprivation of their good-conduct-time credits was causing or would cause them to be in illegal confinement, i.e. that once their conditional-release date had passed, any further detention of them in prison was unlawful; and they sought restoration of those good-time credits, which, by the time the District Court ruled on their petitions, meant their immediate release from physical custody." *Id.* at 487. The Court held that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*. at 500.

3

The Court in *Preiser* noted that habeas corpus may be available to challenge prison conditions. *Id.* at 499 (citing *Johnson v. Avery,* 393 U.S. 483 (1969) and *Wilwording v. Swenson* 404 U.S. 249 (1971)); *See also Bell v. Wolfish*, 441 U.S. 520, 527 n.6 (1979)("[w]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself."). The Court went on to state that it need not "explore the appropriate limits of habeas corpus as an alternative remedy to a proper action under § 1983" because that question was not before the Court. *Id.* at 500. However, the Supreme Court has never followed the speculation in *Preiser* that habeas corpus may be available to challenge prison conditions. *Muhammad v. Close,* 540 U.S. 749, 751 n.1, 755 (2004)(noting that the Court has not followed the speculation in *Preiser* and holding that prisoner challenging prehearing detention "raised no claim on which habeas relief could have been granted on any recognized theory, with the consequence that *Heck's [v. Humphrey,* 512 U.S. 477 (1994)] favorable termination requirement was inapplicable").

4

In the years following *Preiser,* the distinction and interplay between habeas corpus and civil rights claims have been clarified. "[W]henever the challenge ultimately attacks the 'core of habeas' - the validity of the continued conviction or the fact or length of the sentence - a challenge . . . must be brought by way of a habeas corpus petition." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). "Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction" a civil rights action is appropriate. *Id.*

Habeas corpus is available to a federal prisoner to challenge the execution of his sentence. *Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 243 (3d Cir. 2005)(allowing a habeas challenge to validity of regulations regarding transfer to a community corrections center and stating that transfer to a community corrections center is different from a "garden variety" prison transfer which is a typical or ordinary transfer from one prison to another).

5

The petitioner is not challenging his conviction or the very fact or duration of his physical imprisonment. Nor, contrary to his assertion, is he challenging the execution of his sentence. The petitioner is challenging his transfer to the SMU and the conditions in the SMU. Unlike the transfer at issue in *Woodall, supra,* which involved a transfer to a community corrections center, the petitioner's transfer involved the transfer from one federal prison to another. The petitioner's transfer to the SMU at Lewisburg is a "garden variety" prison transfer. As such, it can not be challenged by way of a habeas corpus petition. *See Bedenfield v. Lewisburg,* 2010 WL 3511507 at *1 (3d Cir. Sept. 9, 2010)("Bedenfield's challenge to his placement in the SMU is analogous to the 'garden variety prison transfer' that we have indicated should be challenged in a civil rights action, not via a habeas petition.").

Even if the petitioner would prevail on his claims, his release date from prison would not change. The petitioner's claims are not within scope of habeas corpus, which is a challenge to the very fact or duration of physical imprisonment

6

and which involves relief in the form of the immediate release or a speedier release from that imprisonment. Rather, the petitioner's claims are conditions of confinement claims which are within the scope of *Bivens*.[1]

Certain statutory provisions cause it to be important that the court make a threshold determination whether a prisoner's action is a habeas corpus action or a civil rights action. One is that there is a different filing fee for a civil rights action as compared to a habeas action. Also, in civil rights actions *in forma pauperis* and other restrictions are in place under the Prison Litigation Reform Act of 1996, including the "three strikes" provision of 28 U.S.C. § 1915(g). The petitioner may not avoid the requirements of 28 U.S.C. § 1915 by titling a civil rights action as a habeas corpus action.

---

1. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Our conclusion that the petitioner's claims are conditions of confinement claims that are within the scope of *Bivens* should not be understood as any comment on the merits of such claims.

7

Since the petitioner has not presented claims which are cognizable as habeas corpus claims, it will be recommended that his petition for a writ of habeas corpus be dismissed.[2] It will be recommended that the petition be dismissed without prejudice to the petitioner asserting his claims in a *Bivens* action.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice and that the case file be closed.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: October 20, 2010.

---

[2]. Since we conclude that the petitioner has not presented claims that are cognizable as habeas corpus claims, we need not address the respondent's argument that the petition should be dismissed because the petitioner failed to exhaust administrative remedies.